IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CV-112-FL

| | |
|---|---|
| THERESA LOUISE BUSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On November 17, 2014, plaintiff protectively filed a Title II application for disability benefits, and on November 24, 2014, plaintiff filed a Title XVI application for supplemental security income. In both applications, plaintiff alleged disability beginning May 8, 2014. The claim was denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after a June 20, 2017, video hearing, denied plaintiff's claim by decision entered July 21, 2017. Following the ALJ's denial of the claim, plaintiff timely requested review,

and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on June 22, 2018, seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 8, 2014, the alleged onset date. (Transcript of the Record ("Tr.") 18). At step two, the ALJ found plaintiff had the following severe impairments: "degenerative joint disease, knees; migraine headaches; history of stroke; and pseudobulbar symptoms." (Tr. 18). The ALJ also found non-severe impairments: "depression, obesity, and substance addiction." (Tr. 18). At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. (Tr. 20).

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> she can never climb ladders, ropes, or scaffolds; she can frequently climb ramps and stairs; she can frequently balance, stoop, kneel, crouch and crawl. She can frequently reach with her left upper extremity. She should avoid concentrated exposure to hazards. She can have occasional contact with the public. The claimant can have frequent contact with co-workers.

(Tr. 24). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 35). At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 36). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 37).

B. Analysis

Plaintiff argues in her objections that the ALJ erred in 1) failing to sufficiently address plaintiff's migraines in formulating her RFC, and 2) failing to sufficiently address plaintiff's pseudobulbar affect. The magistrate judge cogently addressed both arguments. (See M&R (DE 24)

4

at 7–11). Upon de novo review of arguments raised in plaintiff's objections, the court adopts the M&R as its own. The court writes separately to augment the analysis in the M&R.

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam) (citing Purdham v. Celebrezze, 349 F.2d 828, 830 (4th Cir. 1965); 20 C.F.R. § 404.1530). Moreover, the ALJ may discount plaintiff's alleged symptoms in formulating an RFC where the medical evidence calls into question the credibility of plaintiff's assertions. See Sizemore v. Berryhill, 878 F.3d 72, 83 (4th Cir. 2017). When considering activities of daily living as evidence of RFC, the ALJ must consider both the type and extent of those activities. Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018); Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (4th Cir. 2017).

Plaintiff argues that the ALJ failed to adequately account for her migraines. A review of the ALJ's decision shows otherwise. The ALJ extensively recounts plaintiff's treatment history. (See Tr. 21, 25–27). In her treatment notes, plaintiff reported that her headaches were under control with medication. (See Tr. 532, 742). In two of her medical visits, she denied having headaches at all. (Tr. 451, 612). On another occasion, she reported that she had two to three headaches weekly, but also that her symptoms were stable. (Tr. 567). Her husband reported that she did not take her prescribed medications, and she reported no pain in her treatment notes. (See Tr. 470, 473).

Finally, the ALJ determined that, based on treatment notes, plaintiff's application materials, and her testimony, that she engaged in various household chores and other activities of daily living. (Tr. 30, 71–75, 105, 114, 252, 261). Contrary to plaintiff's assertion, the ALJ's analysis

5

acknowledges that plaintiff "helps in housework," accounting for the fact that she did not always engage in her activities of daily living alone. (Tr. 30). Taking all these factors into consideration, the ALJ adequately explained his reasoning for assigning limitations as a result of plaintiff's migraines, based on substantial evidence that plaintiff's migraines are under control. (See Tr. 28–30).

Plaintiff also argues that the ALJ failed to adequately account for her pseudobulbar affect, which results in uncontrollable laughing or crying at inappropriate times. (See Tr. 58). As with plaintiff's migraines, the ALJ identified evidence to support his RFC. (See Tr. 25–27). At multiple points in her medical records, plaintiff reported improvement in her pseudobulbar symptoms, and her treatment notes indicated that her symptoms were stable with medication. (Tr. 523, 532, 567–68). As noted above, the record cited by the ALJ also indicated that plaintiff was not compliant with her medication regimen. (See Tr. 470). Finally, the records noted by the ALJ indicated plaintiff's limitations on social interaction were mild, based on her ability to shop, spend time with others, and generally got along well with her healthcare providers. (See Tr. 23).

Moreover, the ALJ indicated that, on virtually every visit to the doctor, plaintiff was alert, cooperative, had a normal mood and affect, and had a normal attention and concentration span. (See Tr. 28, 30, 35). Thus, the ALJ provided sufficient explanation to support the social limitations with coworkers and the public imposed in the RFC, and reject plaintiff's claimed difficulties with attention and concentration. (See Tr. 24, 26–27, 29).

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 20) is DENIED, and

defendant's motion for judgment on the pleadings (DE 22) is GRANTED.  The clerk of court is DIRECTED to close this case.

SO ORDERED this the 27th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge